UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY R. LOW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RON BARNES, et al.,<br><br>　　　　Defendants. | No.  2:15-cv-0330 TLN KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. On February 6, 2015, defendants removed the instant action from the Lassen County Superior Court and paid the filing fee. On February 23, 2015, plaintiff filed a timely motion to remand this case to state court. As set forth below, the undersigned denies the motion to remand without prejudice, dismisses plaintiff's complaint, and grants him an opportunity to amend his complaint.

A. Legal Standards Governing Removal

Section 1441(a) of Title 28 provides that a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." The vast majority of lawsuits "arise under the law that creates the cause of action." American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916) (Holmes, J.); Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986). Federal courts "shall have original jurisdiction of all civil

1 actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.
2 However, "a case may [also] arise under federal law 'where the vindication of a right under state
3 law *necessarily* turn[s] on some construction of federal law,'" Merrell Dow, 478 U.S. at 808
4 (quoting Franchise Tax Bd. v. Construction Laborers Vac. Trust, 463 U.S. 1, 9 (1983)), but "only
5 [if] . . . the plaintiff's right to relief *necessarily* depends on a substantial question of federal law,"
6 Franchise Tax Bd., 463 U.S. at 28 (emphasis added).

7 For removal to be proper, it must be clear from the face of the complaint that federal
8 subject matter jurisdiction exists. Oklahoma Tax Comm'n. v. Graham, 489 U.S. 838, 840-41
9 (1989) (per curiam). The presence or absence of federal-question jurisdiction is governed by the
10 well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal
11 question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc.,
12 v. Williams, 482 U.S. 386, 392 (1987) (quotation marks and citation omitted); Hunter v. Phillip
13 Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citations omitted).

14 The removal statute is strictly construed against removal and the defendant bears the
15 burden of establishing grounds for removal. Syngenta Crop Protection, Inc. v. Henson, 537 U.S.
16 28, 32 (2002) (citations omitted); Nevada v. Bank of America Corp., 672 F.3d 661, 667 (9th Cir.
17 2012) (citation omitted). Courts must consider whether federal jurisdiction exists, Rains v.
18 Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (quotation marks and citations omitted),
19 and must reject federal jurisdiction if there is any doubt as to the right of removal in the first
20 instance, Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (quotation marks and citation
21 omitted); Hunter, 582 F.3d at 1042 (citations omitted).

22 B. Motion to Remand

23 In his motion to remand, plaintiff concedes that he brought both state tort and federal
24 constitutional claims. (ECF No. 5 at 1.) Plaintiff argues that such claims can "easily be
25 separated," and seeks a partial remand of the state law claims back to the Lassen County Superior
26 Court. Defendants did not respond to the motion.

27 Plaintiff's original complaint alleges that he was denied all outdoor exercise for a period
28 of seven weeks in violation of the Eighth Amendment of the United States Constitution. Because

the complaint clearly raises a federal claim on its face, and plaintiff confirms that he intended to bring a federal constitutional claim in addition to his state law claims, the removal was proper, and plaintiff's motion to remand the original complaint is denied without prejudice.

Plaintiff's request to sever his state law claims from his federal claim is denied.  Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary."  Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).  "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."  United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Because this court has supplemental jurisdiction over claims raised under state law, plaintiff's motion to sever his state law claims and remand them to state court, and to proceed with his federal claim only in the instant action, is denied.

C. Leave to Amend

It appears that the only federal claim that plaintiff is attempting to pursue is based on the denial of outdoor exercise for a period of seven weeks allegedly violated his Eighth Amendment rights.

1. Standards Governing Plaintiff's Federal Claim

The Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

3

Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319. What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320). To prevail on an Eighth Amendment claim, the plaintiff must show, objectively, that he suffered a "sufficiently serious" deprivation. Farmer v. Brennan, 511 U.S.

825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).  The plaintiff must also show that each defendant had, subjectively, a culpable state of mind in causing or allowing plaintiff's deprivation to occur.  Farmer, 511 U.S. at 834.  Mere negligence is insufficient to establish deliberate indifference since "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319).  Each defendant's conduct must have been wanton.  Farmer, 511 U.S. at 835.

Outdoor exercise is a basic human need protected by the Eighth Amendment, and the denial of outdoor exercise may violate the Constitution, depending on the circumstances. Richardson v. Runnels, 594 F.3d 666 (9th Cir. 2010); Norwood v. Vance, 591 F.3d 1062, 1070 (9th Cir. 2010).  While the "temporary denial of outdoor exercise with no medical effects is not a substantial deprivation," Norwood, 591 F.3d at 1070 (internal quotation and citation omitted), when an inmate alleges the denial of constitutionally adequate outdoor exercise, the inquiry is fact specific and thus requires full consideration of the context in which the denial occurred. Richardson, 594 F.3d at 672; Norwood, 591 F.3d at 1068-70.  "[W]hen balancing the obligation to provide for inmate and staff safety against the duty to accord inmates the rights and privileges to which they are entitled, prison officials are afforded 'wide-ranging deference.'"  Norwood, 591 F.3d at 1069 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979).

The Ninth Circuit has clarified the elements necessary to state a deprivation that would rise to the level of an Eighth Amendment violation:

> An Eighth Amendment claim that a prison official has deprived inmates of humane conditions must meet two requirements, one objective and one subjective. Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995). "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities. The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." Id. (citations omitted).

Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000).  To act with deliberate indifference, a prison official must know of and disregard an excessive risk to inmate health or safety.  Farmer, 511 U.S. at 837; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010).  Thus, to demonstrate deliberate indifference, a plaintiff must show that defendants "had actual knowledge

5

1    of plaintiff's basic human needs and deliberately refused to meet those needs. Whether an
2    official possessed such knowledge 'is a question of fact subject to demonstration in the usual
3    ways, including inference from circumstantial evidence.'" Johnson v. Lewis, 217 F.3d 726, 734
4    (9th Cir. 2000) (citing Farmer, 511 U.S. at 842).
5          The Ninth Circuit has not specified a minimum amount of exercise that the Eighth
6    Amendment requires. Indeed, complete denial of outdoor exercise for one month is not
7    unconstitutional. Hayward v. Procunier, 629 F.2d 599, 603 (9th Cir. 1980) (denial of yard time
8    for a month not unconstitutional); May v. Baldwin, 109 F.3d 557, 565-66 (9th Cir. 1997) (denial
9    of yard time for 21 days not unconstitutional). However, in Lopez, the Ninth Circuit found that a
10   prisoner's claim that he was denied all outdoor exercise for six and a half weeks met the objective
11   requirement for an Eighth Amendment claim. Lopez, 203 F.3d at 1132-33.
12         But in emergency situations, prison officials may constitutionally curtail inmates' access
13   to outdoor exercise altogether until order is restored. Noble v. Adams, 646 F.3d 1138, 1143 (9th
14   Cir. 2011); Norwood, 591 F.3d at 1070. A finding that the purpose of the lockdown was to
15   "prevent further attacks, injuries, and homicides" will generally defeat an argument that prison
16   officials acted with deliberate indifference. See Norwood v. Woodford, 661 F.Supp.2d 1148, at
17   1157 (S.D. Cal. 2007) (suspension of outdoor exercise was a response to ongoing violence).
18         Furthermore, for a temporary denial of exercise to be actionable, plaintiff must
19   demonstrate an adverse medical impact. Lopez, 203 F.3d at 1133 n.15 ("the clear implication of
20   May [v. Baldwin] is that temporary denials of outdoor exercise must have adverse medical effects
21   to meet the Eighth Amendment test, while long-term deprivations are substantial regardless of
22   effects.").
23         2. Discussion
24         Here, plaintiff fails to allege facts demonstrating that each defendant acted with a culpable
25   state of mind. Indeed, the first nine pages of plaintiff's complaint were completed on state court
26   forms for negligence and intentional tort claims. (ECF No. 1 at 5-13.) In addition, plaintiff
27   specifically alleges that defendants Kirch, Shuford, Bonds, Silvas, and Weaver were negligent.
28   (ECF No. 1 at 18-19.) As explained above, deliberate indifference is a higher standard to meet

1  than negligence, and mere negligence is insufficient to state a cognizable Eighth Amendment
2  claim.
3  　　　　Moreover, plaintiff alleges a temporary deprivation of outdoor exercise, and is therefore
4  required to identify an injury. Norwood v. Vance, 591 F.3d at 1070; Lopez, 203 F.3d at 1133
5  n.15. Plaintiff cannot state a cognizable Eighth Amendment claim unless he can allege facts
6  demonstrating that he suffered adverse medical effects from the temporary deprivation of outdoor
7  exercise. In the original complaint, plaintiff does not allege that he suffered an injury.
8  　　　　Finally, plaintiff fails to identify the reason the modified program was implemented.
9  Facts related to the duration, impact, and rationale for the modified program are relevant in
10 evaluating plaintiff's claim. Richardson, 594 F.3d at 672 ("claims involving a prisoner's right to
11 exercise require a full consideration of context.") For example, exigent circumstances
12 may immunize defendants from liability. Noble, 646 F.3d at 1143 ("it was not clearly established
13 in 2002 -- nor is it established yet -- precisely how, according to the Constitution, or when a
14 prison facility housing problem inmates must return to normal operations, including outside
15 exercise, during and after a state of emergency call in response to a major riot.") On the other
16 hand, an extended ban on outdoor exercise, after resolution of exigent circumstances that
17 warranted an initial lockdown, may support an inference that prison officials deliberately and
18 knowingly refused to meet a plaintiff's basic exercise needs. See Johnson v. Lewis, 217 F.3d at
19 733-34 (noting heightened judicial deference accorded to prison officials during emergency
20 circumstances, as set forth in Whitley, 475 U.S. at 319, as compared to more routine challenges to
21 conditions of confinement, governed by the standard set forth in Wilson v. Seiter, 501 U.S. at
22 294).
23 　　　　In light of the above, it is unclear whether plaintiff can allege facts demonstrating a
24 cognizable Eighth Amendment claim based on the alleged temporary deprivation of outdoor
25 exercise. Therefore, plaintiff's complaint is dismissed, and he is granted leave to file an amended
26 complaint. Under the "well-pleaded complaint" rule, plaintiff is the master of his complaint, and
27 plaintiff may defeat removal by choosing not to plead independent federal claims. ARCO Envtl.
28 Remediation v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1114 (9th Cir. 2000). In other

words, plaintiff may avoid federal jurisdiction by amending his complaint and raising claims only under state law, specifically omitting any reference to the Eighth Amendment. See Caterpillar, Inc., 482 U.S. at 392; Hunter, 582 F.3d at 1042. In the event plaintiff chooses to amend to pursue only state law claims, plaintiff should again ask the court to remand this case to state court.

In the alternative, plaintiff may amend his complaint to plead an Eighth Amendment claim if he is able to allege facts demonstrating cognizable Eighth Amendment claims. If plaintiff chooses this alternative, he should re-allege his negligence and intentional tort claims under state law. If plaintiff chooses to re-plead his Eighth Amendment claims together with his claims based on state law, the court will retain supplemental jurisdiction over the state law claims, and hear the state law claims in conjunction with plaintiff's federal claim.

3. Conclusion

Accordingly, plaintiff's complaint is dismissed, and he is granted leave to file an amended complaint. If plaintiff is seeking relief solely based on allegations that defendants were negligent, rather than deliberately indifferent, which is a higher standard to meet, plaintiff should amend his claims to remove all references to the Eighth Amendment, and ask the court to remand this case to state court. If plaintiff can allege facts demonstrating that defendants acted with a culpable state of mind, plaintiff should file an amended complaint under 42 U.S.C. § 1983 alleging facts demonstrating he can meet the above deliberate indifference standards. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). If plaintiff chooses to file an amended complaint under 42 U.S.C. § 1983, he is advised of the following.

Plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo, 423 U.S. at 371. Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Duffy, 588 F.2d at 743. Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

////

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

D.  Motion for Service of Process on Defendant Bonds

On March 20, 2015, plaintiff filed a motion for service of process on defendant Bonds by the U.S. Marshal. In light of the dismissal of plaintiff's complaint, plaintiff's motion is premature. In addition, plaintiff has not been granted leave to proceed in forma pauperis; thus, plaintiff is not entitled to service of process by the U.S. Marshal at this time. Thus, plaintiff's motion is denied without prejudice.

E.  Orders

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to remand (ECF No. 5) is denied without prejudice.

2. Plaintiff's complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

////

1    4. Plaintiff's motion for service of process (ECF No. 7) is denied without prejudice.

2   Dated: May 22, 2015

4   /low0330.14+

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY R. LOW,<br><br>         Plaintiff,<br><br>    v.<br><br>RON BARNES, et al.,<br><br>         Defendants. | No.  2:15-cv-0330 TLN KJN P<br><br>NOTICE OF AMENDMENT |

     Plaintiff hereby submits the following document in compliance with the court's order filed_____.

         _____          Amended Complaint
DATED:

                                          _____
                                          Plaintiff

1