UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY LOW,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RON BARNES, et al.,<br><br>　　　　　　Defendants. | No.  2:15-cv-0330 TLN KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner, proceeding without counsel.  On February 6, 2015, this action was removed from state court.  Plaintiff filed a motion to remand.  On May 22, 2015, plaintiff was informed that despite his desire to maintain this action in state court, the original pleading contained an Eighth Amendment claim, so removal was appropriate.  However, plaintiff was advised that he could amend the complaint to remove his federal claim and renew his motion for remand.  Plaintiff's motion to remand was denied without prejudice, and the complaint was dismissed with leave to amend.

　　　　On June 1, 2015, plaintiff renewed his motion to remand and filed an amended complaint, removing all references to Eighth Amendment claims.

　　　　The propriety of removal jurisdiction is determined at the time of removal.  Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939).  If a claim "arising under" federal law existed at the time of removal, the federal court has jurisdiction though the federal claim has been dropped from the

1

1 case and only state law claims remain.  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988);
2 Nishimoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 715 (9th Cir. 1990).  Here, because
3 the initial complaint, which was in effect at the time of removal, contained at least one federal
4 claim, the Court has jurisdiction.  Indeed, the undersigned denied plaintiff's motion to remand
5 based upon the federal question presented in the complaint.  (ECF No. 8.)  Nevertheless, though
6 plaintiff "may not compel remand by amending [the] complaint to eliminate the federal question
7 upon which removal was based" (Sparta Surgical Corp. v. Nat'l Assoc. of Sec. Dealers, Inc., 159
8 F.3d 1209, 1213 (9th Cir. 1988)), if all federal claims are eliminated from an action, federal
9 courts have discretion to remand the remaining state law claims.  Harrell v. 20th Century Ins. Co.,
10 934 F.2d 203, 205 (9th Cir. 1991) ("It is generally within a district court's discretion to retain
11 jurisdiction to adjudicate the pendent state claims or remand them to state court.").

12 In choosing whether to retain jurisdiction, the court must consider "the values of judicial
13 economy, convenience, fairness, and comity."  Carnegie-Mellon, 484 U.S. at 350.  Based upon
14 these factors, "it is generally preferable for a district court to remand remaining pendent claims to
15 state court."  Harrell, 934 F.2d at 205; see also Carnegie-Mellon, 484 U.S. at 350 n.7 ("these
16 factors usually will favor a decision to relinquish jurisdiction when state issues substantially
17 predominate") (internal quotation marks and citation omitted).

18 In this case, the above factors weigh in favor of remand.  Given the ongoing crisis in the
19 Eastern District created by the crushing case load and lack of judicial resources, the undersigned
20 finds that judicial economy weighs in favor of remand.  "With regards to comity, the path that
21 best preserves the rights of the state to preside over the court matters is to remand the case."
22 Loder v. World Sav. Bank, N.A., 2011 WL 3861902, at * 11 (N.D. Cal. Sept. 1, 2011).  There is
23 no evidence that this court is a more convenient forum than the state court.  Fairness also supports
24 remand.  Although the original pleading claimed an Eighth Amendment violation, plaintiff failed
25 to allege facts demonstrating that any defendant acted with a culpable state of mind; rather,
26 plaintiff alleged that defendants were negligent, which fails to state a cognizable Eighth
27 Amendment claim.  (ECF No. 8 at 4-7.)  Notably, the Ninth Circuit has acknowledged that
28 remand is proper when, as here, the plaintiff amends the complaint to remove federal claims and

moves for remand without delay.  See Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 490-91 (9th Cir. 1995).

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's motion to remand (ECF No. 10) be granted;

2.  The above-entitled action be remanded to the Superior Court of California, County of Lassen; and

3.  The Clerk of the Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 24, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/low0330.rem